## BACON v. FITCH.

ACTION for a nonfeasance in the office of sheriff. The declaration was — That the defendant received of the plaintiff, a certain writ of execution, which issued upon a judgment of the Court of Common Pleas in the county of Litchfield, in favor of the plaintiff, against one Isaac; which execution bore date the 12th day of November, 1776, and was made returnable in sixty days:    That the defendant received the same as sheriff, to execute according to law; which he wholly neglected to do, etc.

Plea.— That the defendant received said execution, to conduct in the most advantageous manner for the plaintiff, and with as little expense to him as possible:    That he was not to levy on the body of said Isaacs without particular orders from the plaintiff; and that Isaacs was, soon after, by order of the general assembly of this state, sent out of the defendant's bailiwick, and prohibited from returning, till about the month of January, 1778; and that it was not in the power of the defendant to have levied said execution, either on the body or property of Isaacs, until the return day had expired:    That the plaintiff then gave orders to the defendant to receive continental currency in satisfaction, which he some time after did, and gave immediate notice thereof to the plaintiff, and indorsed the execution satisfied, and returned it to the office from whence it issued:    That the plaintiff did not apply to receive said money, and the defendant afterwards tendered the same to him, which he refused to accept.

To this plea there was a demurrer, and joinder in demurrer.

Under the demurrer, it was objected — That the plea did not set forth with sufficient certainty, the terms on which the defendant received the execution; and that it contained no positive averment that estate could not be found before the return day, or any sufficient reason shown why return was not made; for the removal of the debtor's person out of the defendant's bailiwick, could not operate to prevent the debtor's estate from being taken in execution: That the subsequent orders of Bacon, for the defendant to receive continental bills, did not purge the antecedent wrong; for that, from the allegations in the plea, no more could be inferred, than, that Bacon agreed to accept continental money, if immediately collected; but that, by the averment of some time after, it did not appear when the money was collected, whether within a reasonable time or not: That by the statute of this state, the damages which may be recovered against an officer, for negligence in his office, are uncertain; and therefore a tender is no good plea in such case.

Plea adjudged sufficient.

By the whole COURT. It appears by the plea — That the defendant received the execution under certain restrictions, to conduct in the most advantageous manner for the plaintiff, and with as little expense to him as possible; and that he had no opportunity to levy on the person or estate of the debtor, till after the return day was past. If he had returned the execution, with a *non est inventus* indorsed, it would have occasioned useless expense to the plaintiff, and would have been contrary to his instructions; — therefore, we think that a sufficient excuse for not doing it.— The other matters alleged in the plea, are expressive of what was the further understanding of the parties, respecting the

terms on which the defendant received and held the execution; and that he conducted with it fairly, reasonably, and agreeably to the orders of the plaintiff; and that the loss, which happened by the depreciation of the continental bills of credit, was occasioned by the plaintiff's neglect to receive them.

So judgment was for the defendant.